UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re APPLICATION OF:<br><br>FOOD DELIVERY HOLDING 12 S.A.R.L.,<br><br>　　　　　　　Applicant,<br><br>v.<br><br>DEWITTY AND ASSOCIATES CHTD,<br><br>　　　　　　　Respondent. | Miscellaneous Case No.<br>1:21-mc-0005 (GMH) |

## MEMORANDUM OPINION AND ORDER

Food Delivery Holding 12 S.a.r.l. ("FDH") has filed an application for an order pursuant to 28 U.S.C. § 1782 to issue a subpoena for the taking of a deposition and the production of documents for use in an international arbitration before the Dubai International Finance Centre–London Court of International Arbitration ("DIFC-LCIA"). The target of the subpoena is a local law firm, Respondent DeWitty & Associates CHTD ("DeWitty"). FDH has also filed a motion to seal its memorandum in support of the Section 1782 application and certain exhibits.[1] For the reasons that follow, the motion to seal is granted; however, the Court defers ruling on the Section 1782 application pending further briefing.

---

[1] The relevant docket entries for the purposes of this Memorandum Opinion and Order are (1) FDH's application for an order pursuant to Section 1782 (ECF No. 1); (2) FDH's motion to seal, which includes, under seal, its memorandum in support of the Section 1782 application and its exhibits (ECF No. 2); (3) DeWitty's response to the Court's Order to Show Cause why FDH's applications should not be granted (ECF No. 11); and (4) FDH's reply to DeWitty's response (ECF No. 13).

## I. BACKGROUND

The relevant facts are not extensive. This Section 1782 application seeks discovery from DeWitty for use in an arbitration in the DIFC-LSIA brought by Ebrahim Al-Jassim against, among others, FDH. The rules of the DIFC-LSIA require the parties to "undertake as a general principle to keep confidential . . . all materials in the arbitration created for the purpose of the arbitration and all other documents produced by another party in the proceedings not otherwise in the public domain." ECF No. 2-1 at 27. In support of its Section 1782 application, FDH has filed (under seal pending the Court's determination on the motion to seal) a number of documents filed in the arbitration, the subpoena that it seeks to serve on DeWitty in order to gather evidence for use in the arbitration, and a supporting memorandum that includes information from those documents.

## II. DISCUSSION

### A. Motion to Seal

Although there is a general presumption that judicial records will be publicly accessible, "the right to inspect . . . judicial records is not absolute." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597–98 (1978). In the D.C. Circuit, a court must weigh the following factors, derived from the D.C. Circuit's decision in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980):

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 665–66 (D.C. Cir. 2017) (quoting *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996)). This analysis leads to the conclusion that FDH's motion to seal should be granted.

The documents at issue were filed in this case as support for FDH's application for issuance of a subpoena. They comprise the memorandum in support of that application, as well as supporting documentation, which includes documents filed in the underlying arbitration and communications regarding prior negotiations between FDH and DeWitty regarding material that is the subject of the subpoena sought to gather evidence for use in the arbitration. *See* ECF No. 2-2; ECF No. 2-4 through 2-10. The need for public access to judicial documents is at a low ebb when discovery materials are at issue. *See, e.g.*, *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164–65 (3d Cir. 1998) (holding that there is no presumptive right to public access to material filed in connection with discovery motions). Moreover, the rules of the DIFC-LCIA require the parties to endeavor to keep documents relating to arbitrations before that forum confidential. *See* ECF No. 2-1 at 27. Thus, the first factor—the need for public access to the documents—and the sixth factor—the purpose for which the documents were introduced—weigh in favor of granting the motion to seal.

The second factor evaluates the extent of previous public access to the documents at issue. Here, it appears that most of these documents are not now and have not previously been publicly available (ECF No. 2 at 5), a conclusion buttressed by the fact that, as noted above, the parties to the arbitration generally warrant that they will keep arbitration materials confidential. One document—the proposed subpoena, itself—is admittedly publicly available, but only because DeWitty filed it publicly in connection with its response to the Court's Order to Show Cause. ECF No. 11-1. FDH has asked that that document be sealed. ECF No. 13 at 4. On balance, this factor is neutral. *See, e.g.*, *In re McCormick & Co.*, No. 15-1825, 2017 WL 2560911, *2 (D.D.C. June 13, 2017) ("If there has been no previous access, this factor is neutral.").

The third through fifth factors ask about the interests of those opposing disclosure. Here, FDH is a party to an arbitration before the DIFC-LCIA and, as such, is required to endeavor to keep documents and information from that arbitration confidential. FDH is, therefore, a proper party to object to disclosure. More, "confidentiality is a paradigmatic aspect of arbitration," *Guyden v. Aetna, Inc.*, 544 F.3d 376, 385 (2d Cir. 2008), and, as a participant in the arbitration, FDH has agreed to keep the information in the documents it seeks to seal confidential. Finally, FDH represents that its "failure to use its best efforts to maintain confidentiality of the documents for which sealing is sought could be deemed a breach of FDH's confidentiality obligations in the arbitration." ECF No. 2 at 5. Thus, these factors weight in favor of granting the motion.

Additionally, DeWitty has not opposed FDH's motion to seal. ECF No. 11; ECF No. 13 at 4.

Because five of the six *Hubbard* factors weigh in favor of sealing these materials and one factor is neutral, the motion to seal is granted.

### B.    Section 1782 Application

A two-stage inquiry informs whether a federal court will grant a motion under Section 1782. First, the court must determine whether it *can* order the requested relief—that is, whether it has the authority to do so; second, it must decide whether it *should* order the requested relief—that is, whether exercising its discretion to do so would further the statue's "twin aims of 'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance in our courts.'" *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252, 255 (2004) (quoting *Advanced Micro Devices, Inc. v. Intel Corp.*, 292 F.3d 664, 669 (9th Cir. 2002)).

"A district court has the authority to grant an application when . . . (1) the person from whom discovery is sought resides or is found within the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made by an interested person." *In re Veiga*, 746 F. Supp. 2d 8, 17 (D.D.C. 2010) (citing 28 U.S.C. § 1782(a)).  The second step is informed by the following four factors: (1) whether the target of the discovery request is a participant in the foreign or international proceeding, (2) the nature of the foreign tribunal and character of its proceedings, (3) whether the application is an attempt to "circumvent foreign proof-gathering restrictions or other policies," and (4) whether the request is "unduly intrusive or burdensome."  *Id.* (quoting *Intel*, 542 U.S. at 264–65).  FDH's application stumbles just out of the gate, however, because it has not established that the DIFC-LCIA is properly considered a "foreign or international tribunal."  If it is not, then the application does not meet the requirements of the statute and the Court may not grant it.

There is currently a Circuit split regarding whether parties to private arbitrations are authorized to utilize Section 1782 to obtain discovery for use in those proceedings.  The Second Circuit has held that they are not, and in doing so, abrogated a decision from the U.S. District Court for the Southern District of New York holding that a proceeding before the London Court of International Arbitration was a "foreign or international tribunal" for the purposes of the statute.  *See In re Guo*, 965 F.3d 96, 104–108 (2d Cir. 2020), *abrogating In re Children's Inv. Fund Found. (U.K.)*, 363 F. Supp. 3d 361, 369–70 (S.D.N.Y. 2019).  The Seventh Circuit and the Fifth Circuit agree.  *See Servotronics, Inc. v. Rolls-Royce PLC*, 975 F.3d 689, 696 (7th Cir. 2020) ("[W]e join the Second and Fifth Circuits in concluding that § 1782(a) does not authorize the district courts to compel discovery for use in private foreign arbitrations."); *Republic of Kazakhstan v. Biedermann Int'l*, 168 F.3d 880, 883 (5th Cir. 1999); *see also In re Storag Etzel GmbH*, No. 19-mc-209, 2020

WL 1849714, at *3 (S.D. Fla. Apr. 3, 2020) ("In conclusion, although not without doubt, I find that the term 'tribunal' in § 1782(a) does not encompass private arbitral bodies. Accordingly, Storag has failed to meet the statutory requirements of § 1782(a) and I will deny its application."). The Fourth and Sixth Circuits disagree. *See generally Servotronics, Inc. v. Boeing Co.*, 954 F.3d 209 (4th Cir. 2020); *In re Application to Obtain Discovery for use in Foreign Proceedings*, 939 F.3d 710 (6th Cir. 2019) (holding the a DIFC-LCIA panel constituted a foreign or international tribunal). The D.C. Circuit does not appear to have weighed in on this issue, and FDH fails to address this question in any depth. Indeed, it addresses the "international or foreign tribunal" requirement in a single sentence that fails to acknowledge that federal courts have come to different conclusions as to whether a private arbitral panel fits within the statue's definition. ECF No. 2-2 at 13–14. Thus, FDH has not overcome its initial hurdle of showing that the Court is authorized to grant the relief it seeks. Rather than denying the application outright, however, the Court will allow the parties to submit supplemental briefing on this issue.

### III.   ORDER

For the foregoing reasons, it is hereby

**ORDERED** that FDH's motion to seal (ECF No. 2) is **GRANTED**. It is further

**ORDERED** that the Clerk of Court shall also seal the documents necessary to ensure that the exhibit filed at ECF No. 11-1 is not available to the public. It is further

**ORDERED** that, on or before March 22, 2021, FDH shall either (1) file a supplemental memorandum addressing the question of whether 28 U.S.C. § 1782 permits this Court to order discovery for use in the underlying arbitration and whether doing so here would further the "twin aims of 'providing efficient assistance to participants in international *litigation* and encouraging foreign countries by example to provide similar assistance in our *courts*,'" *Intel Corp.*, 542 U.S. at

252 (emphasis added); *see also In re Veiga*, 746 F. Supp. 2d 17 ("In engaging th[e] analysis [under Section 1782], courts should look to the statute's twin aims, *i.e.*, to provide fair and efficient assistance to participants in international litigation and to encourage other countries to provide similar assistance" (citing *In re Application of Euromepa, S.A.*, 51 F.3d 10956, 1097 (2d Cir. 1995))) or (2) file a notice withdrawing its application under Section 1782.  It is further

**ORDERED** that DeWitty shall file any response to that supplemental memorandum on or before March 29, 2021.

**SO ORDERED.**

Date:  March 8, 2021

_____
G. MICHAEL HARVEY
UNITED STATES MAGISTRATE JUDGE
JUDGE